BLD-065                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2409
_____

MICHAEL SHEAR LYLES,
                    Appellant

v.

GREYHOUND BUS LINES;
ALLIED UNIVERSAL SECURITY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-01524)
District Judge:  Honorable Kai N. Scott

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 16, 2025
Before: SHWARTZ, MATEY, and CHUNG, Circuit Judges

(Opinion filed: February 5, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Michael Lyles, a state prisoner proceeding pro se, appeals from the District Court's order dismissing his complaint upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the following reasons, we will summarily affirm the District Court's judgment.

Lyles' complaint[1] alleges injuries arising from an incident that occurred prior to his incarceration. Lyles was at the Greyhound bus station in Philadelphia charging his phone when he briefly stepped outside, leaving the phone and a bag of his belongings in the station. When he tried to get back into the station to retrieve the phone and bag, a private security officer employed by Allied Universal Security blocked his entry. Though Lyles was able to retrieve his belongings once the officer "left [his] presence for a moment," Complaint at 8, they later had a verbal confrontation that culminated in the officer's punching Lyles in the face, pulling out a gun, and threatening to shoot him.

Lyles asserts federal constitutional claims under 42 U.S.C. § 1983 and various state law claims against Greyhound and Allied. The District Court sua sponte dismissed the federal constitutional claims with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim because Lyles failed to meet the state action requirement for § 1983 claims, dismissed the state law claims without prejudice after declining to

---

[1] Because this case was dismissed under § 1915(e)(2), we accept the allegations in Lyles' complaint as true and view them in the light most favorable to him. See Mator v. Wesco Distrib., Inc., 102 F.4th 172, 178 (3d Cir. 2024). We also construe Lyles' filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

exercise supplemental jurisdiction over them, and denied leave to amend. This appeal followed.[2]

We exercise plenary review over a district court's sua sponte dismissal of a complaint under 28 U.S.C. § 1915(e)(2), Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020), and review its decision not to exercise supplemental jurisdiction for abuse of discretion. Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 175 (3d Cir. 1999). We may summarily affirm if the appeal fails to present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

We agree with the District Court that Lyles' complaint failed to plead that the defendants were state actors for § 1983 purposes. To state a claim under § 1983, Lyles was required to allege that the defendants, while acting under color of state law, deprived him of a federal right. See Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005). The "color of state law element is a threshold issue," and thus there is no liability under § 1983 if the defendants were not acting under color of state law. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995).

Private actors, such as the non-governmental defendants named here, can be said to act under color of state law only if their conduct is "fairly attributable" to the state.

_____

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Though Lyles' notice of appeal was filed more than 30 days after entry of the District Court's June 10, 2024 order, the District Court has since granted relief under Fed. R. App. P. 4(a)(5) or (6). See CA No. 12. Lyle's notice of appeal is therefore timely, and we have appellate jurisdiction.

3

See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). To determine whether state action exists in such a circumstance, we consider "(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (quotation marks and alteration omitted).

Lyles' complaint lacks sufficient factual allegations from which a reasonable person could infer that the defendants were state actors or engaged in state action. Regarding the defendants' relationship to the state, Lyles alleged only that the private security officer fraudulently "presented himself as a law enforcement officer" during their encounter. Complaint at 9. Even under the liberal pleading standards afforded to pro se litigants, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), this allegation does not suffice, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (explaining that a plaintiff's complaint must contain more than "labels and conclusions").

We also discern no abuse of discretion in the District Court's decision not to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3); see also Doe v. Mercy Cath. Med. Ctr., 850 F.3d 545, 567 (3d Cir. 2017).

Because this appeal does not present a substantial question, we will summarily affirm the judgment of the District Court. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.